. NAT KERSEY *v.* COMMONWEALTH.

**Criminal Law—Rape.**

> Even an error of the court in instructing the jury that the offense of rape is punished by imprisonment from one to five years, instead of not less than five nor more than twenty years, is not prejudicial to a defendant where the jury disregards the instruction by fixing the punishment at seven years.

APPEAL FROM JESSAMINE CIRCUIT COURT.

April 30, 1880.

OPINION BY JUDGE COFER:

We do not perceive any valid objection to the instruction given by the court. It was conceded in the argument that the word "rape" was preceded in the instruction as given by the word "attempt", which the clerk has omitted in making the transcript.

With that addition we see no objection to the instruction for which the judgment ought to be reversed. It was suggested that the clerk had also made a mistake in copying "from one to five years" instead of "not less than five nor more than twenty years", the time fixed by the statute; and from the unusually careless and unskillful manner in which the whole transcript is copied and the improbability that so gross a mistake was made by the court, we think it quite probable the suggestion is true. But as the clerk has certified it to be a true copy, and the appellant's counsel was unable to admit that it was not, we are compelled to treat the clerk's certificate as true.

We do not, however, regard the error as prejudicial to the appellant. It is true the jury disregarded the instruction by fixing the punishment at seven years. But as the law, if properly given, would have authorized a much longer period of confinement, he cannot have been prejudiced. On the contrary, the fact that one year was fixed as the minimum was prejudicial to the commonwealth, because it was calculated to impress the jury with the notion that the law regarded the offense with which the appellant was charged with much less abhorrence than it does.

When all the instructions are considered together the particularity with which the court indicated the acts necessary to complete the crime charged was to the appellant's advantage, rather than his detriment. The court was particular to impress the jury that some act of actual violence amounting to an assault must be proved before they were authorized to convict.

Nor did the instruction indicate to the jury that they were to find the necessary criminal intent from any or all of the overt acts mentioned in it. The overt acts proved by the attending circumstances were sufficient to authorize the jury to find that the intent existed, but they cannot, as reasonable men, have been misled by the instruction to suppose that it was not necessary that they should find that the criminal intent existed at the time of the overt act.

The judgment is *affirmed*.

*Morton & Parker, for appellant. Hardin, for appellee.*